[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2006
THOMAS K. KAHN
CLERK

No. 05-11776
Non-Argument Calendar
_____

D. C. Docket No. 04-00551-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN DE DIOS MIRANDA MEDRANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 14, 2006)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Juan de Dios Miranda Medrano appeals his 168-month sentence for

conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States and possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). We AFFIRM.

## I. BACKGROUND

Medrano, a Colombian born in 1945, was on a "go-fast" boat intercepted by United States Coast Guard officers. During a pursuit from the officers, the crew jettisoned 58 bales from the boat, which were later determined to contain 1,450 kilograms of cocaine. Medrano and other crew members told the officers that they were recruited to transport the cocaine by an individual named "Pedro."

A federal grand jury indicted Medrano for conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1); and possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 2). R1-8 at 1-2. The indictment alleged a total of 1,450 kilograms of cocaine. Id. at 4. Medrano pled guilty to both counts of the

indictment without entering into a plea agreement with the government.

The probation officer set Medrano's base offense level at 38 pursuant to U.S.S.G. § 2D1.1(c)(1). Medrano received a two-level enhancement under § 2D1.1(b)(2)(B) based on his role as the captain of the "go-fast" boat and a two-level reduction under § 2D1.1(b)(7) because he met the safety-valve criteria found in § 5C1.2. He also received a net three-level reduction for acceptance of responsibility under § 3E1.1, resulting in a total offense level of 35. Medrano was assessed no criminal history points, making his criminal history category I. His Sentencing Guidelines range was 168 to 210 months of imprisonment. Neither party objected to the presentence investigation report.

At sentencing, Medrano argued that he should receive a sentence of 121 months of imprisonment because that sentence would be sufficient but not greater than necessary to comply with the requirements of 18 U.S.C. § 3553(a) and would account for Medrano's age of 60, when life expectancy of a Colombian citizen is 66. R3 at 4-7. The government responded that (1) Medrano's father, 84, exceeded the average life expectancy, and Medrano would receive good health care and nutrition while in prison, and (2) a sentence within the Sentencing Guidelines range would be in parity with the sentences received by Medrano's codefendants. Id. at 8-11. The district judge noted parity as an important § 3553(a) factor, opined

that Medrano was not eligible for a minor-role reduction because he was the captain of the "go-fast" boat and stated that his status as the captain and being a more mature individual did not justify the type of sentence or reduction Medrano sought. Id. at 14-16. The judge stated, "There is a need to impose severe sentences in these cases as a—to have a deterrent effect to similar criminal conduct and to reflect the seriousness of the offense." Id. at 16. The district judge sentenced Medrano to 168 months of imprisonment on each count, to run concurrently, and five years of supervised release on each count, to run concurrently. Id.

On appeal, Medrano argues that the facts of this case, including (1) the vessel was a small speedboat; (2) there was no evidence that the vessel or the drugs aboard were heading to the United States; (3) Medrano only earned $11,745 for his role, which is small in comparison to the larger drug smuggling conspiracy; (4) Medrano had no ownership or financial interest in the drugs; (5) Medrano was otherwise a law-abiding individual; (6) Medrano committed the crime to support his family; and (7) Medrano was 60 years old at the time of sentencing and had a life expectancy of 66 years, warranted a lesser sentence than the 14-year sentence imposed. Medrano contends that, because he qualified for the "safety valve" provision, the district judge could have imposed any sentence as low as time

4

served. He notes that his 14-year sentence will not allow him to return to Colombia and warn others of the consequences of his activity. He submits that a 121-month sentence would meet the requirements of § 3553(a). Consequently, he concludes that his 14-year sentence was unreasonable.

The government argues that we lack jurisdiction to decide the reasonableness of Medrano's sentence because the factors found in 18 U.S.C. § 3742(a) provide the only means for appellate review of a sentence. It contends that § 3742(a) remains intact following United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). The government asserts that § 3742 is jurisdictional and cannot be expanded by judicial action. It submits that our court in United States v. Winingear, 422 F.3d 1241 (11th Cir. 2005) (per curiam), confirmed the continuing viability of § 3742(a) limitations because we held that it lacked jurisdiction to review a downward departure. The government further argues that a defendant's claim that his sentence was unreasonable does not mean that it was "imposed in violation of the law" standard of § 3742(a)(1). It contends that "reasonableness" is not new substantive law, but a standard of review to replace those excised by Booker. The government maintains that a sentence within the Sentencing Guidelines range should be presumptively reasonable and rebuttable only by showing that the sentence is unreasonable when measured against the § 3553(a)

5

factors. Accordingly, the government contends that Medrano's sentence was reasonable because it asserts that the district judge followed the directives of § 3553(a) in this case and found that Medrano was a more mature individual with greater responsibilities than other participants, which warranted the sentence imposed.

## II. DISCUSSION

We review subject matter jurisdiction de novo. Winingear, 422 F.3d at 1245. Pursuant to 18 U.S.C. § 3742(a), a defendant may appeal his sentence if that sentence:

> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a) (emphasis added); see also Booker, 543 U.S. at ___, 125 S.Ct. at 764-68 (excising the standards of review in 18 U.S.C. § 3742(e) and holding that a review for reasonableness could be inferred from pre-2003 text preceding the PROTECT Act revisions). We recently held that we have jurisdiction under 28

6

U.S.C. § 3742(a)(1) to review for unreasonableness a sentence within the advisory guideline range as a sentence imposed "in violation of law." United States v. Martinez, No. 05-12706, 2006 WL 39541, at *3-4 (11th Cir. Jan. 9, 2006) (per curiam).

Sentences imposed under an advisory guidelines system are reviewed for "unreasonableness." Booker, 543 U.S. at ___, 125 S.Ct. at 765. Following the Booker decision, we have stated that a district court must first correctly calculate the defendant's Sentencing Guidelines range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005); Winingear, 422 F.3d at 1246. The § 3553(a) factors include the available sentences, the applicable Sentencing Guidelines range and policy statements, the nature and circumstances of the offense, and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (2) afford adequate deterrence to criminal conduct, (3) protect the public from further crimes by the defendant, and (4) provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a); Winingear, 422 F.3d at 1246. "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or

7

to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id. A sentence within the advisory Sentencing Guidelines range is not per se reasonable, but is expected to be reasonable. Id. ("[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."). We have held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-Booker sentences to indicate that it considered the factors and concluded that the defendant's sentence was reasonable because the district court accurately calculated the Guidelines range and the defendant's sentence at the low end of the range reflected the court's consideration of his evidence in mitigation. See Scott, 426 F.3d at 1330.

Since we have held that we have jurisdiction under § 3742(a)(1) to review a sentence within the advisory Sentencing Guidelines range for reasonableness, we likewise reject the government's jurisdictional argument in this case. Because the district judge considered the § 3553(a) factors, accurately calculated the

8

Sentencing Guidelines range, and sentenced Medrano at the low end of the Guidelines range, his sentence is not unreasonable. The district judge explicitly mentioned his consideration of the § 3553(a) factors and Medrano's mitigating evidence and concluded that Medrano's maturity and greater responsibilities warranted a more severe sentence. Further, Medrano's sentence was at the low end of the Guidelines range, a range that takes into account his offense conduct, his personal characteristics and history, just punishment, and adequate deterrence. Therefore, Medrano's sentence was reasonable.

### III. CONCLUSION

Medrano appeals his 168-month sentence for conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States and possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Explaining that we have jurisdiction to review a sentence within the advisory guidelines range for reasonableness, we have determined that Medrano's sentence is reasonable because the district court considered the § 3553(a) factors, accurately calculated the Sentencing Guidelines range, and sentenced Medrano at the low end of the Sentencing Guidelines range. Therefore,

9

Medrano's reasonable sentence is **AFFIRMED.**